UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


CHARLES L. PELSOR                                                           PLAINTIFF


v.                                                    CIVIL ACTION NO. 3:10CV-304-S


PETORIA, INC., et al.                                                      DEFENDANTS


## MEMORANDUM OPINION AND ORDER


This matter is before the court on motion of the defendants, Petoria, Inc. *et al.*, to dismiss the

action for lack of subject matter jurisdiction (DN 6) and of defendants Brecharr Hemmaplardh,

Edward Lother, and Samuel Richardson to dismiss the action as to them for lack of personal

jurisdiction (DN 5).

The plaintiff, Charles L. Pelsor, asserts jurisdiction under 28 U.S.C. § 1338(a) and 15 U.S.C.

§ 1121, alleging causes of action purportedly arising under United States patent and trademark laws.

The defendants urge that this case is a simple contract action arising under state law.

Title 28 U.S.C. § 1338 states, in pertinent part, that "district courts shall have original

jurisdiction of any civil action arising under any Act of Congress relating to patents...and

trademarks..." Jurisdiction under § 1338 extends "only to those cases in which a well-pleaded

complaint establishes either that federal patent law creates the cause of action or that the plaintiff's

right to relief necessarily depends on resolution of a substantial question of federal patent law, in

that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808-809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). In assessing whether patent jurisdiction exists, the court must evaluate "the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Id.*

The "background" section of the Complaint illustrates the various facets of this action, some of which quite apparently implicate substantial questions of patent and trademark law. According to the allegations, Pelsor is the owner of two United States patents for spill-proof water bowls for pets. He is also the owner of two United States trademarks for these products, "Buddy Bowl" and "L'il Buddy." The Complaint alleges that Pelsor and Great American Water Bowl Company, Inc. ("GAWBC"), a Kentucky corporation, engaged in litigation over alleged patent and trademark infringement by GAWBC. Pelsor eventually settled an infringement claim with GAWBC. The Agreement provided, among other things, that the parties would enter into a revised license agreement concerning sales of the products. ¶ 5.

The Complaint alleges that the required Amended and Restated License Agreement ("amended agreement") was signed, but that shortly thereafter, Great American Water Bowl Co., Inc. was administratively dissolved. Pelsor alleges that he was never paid royalties under the agreement.

Pelsor alleges that the defendants, Petoria, Inc., Brecharr Hemmaplardh, Edward Lother, Samuel Richardson, and GAWBC, an unincorporated association, are making, using and selling the "Buddy Bowl" and "L'il Buddy" without a license, and that this conduct infringes Pelsor's patents and trademarks for these products.

The defendants contend that the claims in this case do not implicate federal patent and trademark law.  The claims, however, clearly allege infringement.  The defendants urge that this is just another contract case, focusing on the Amended and Restated License Agreement.  However, Pelsor contends that GAWBC was dissolved and that therefore there is no viable license agreement for the sale of his inventions.  He contends that GAWBC as an unincorporated association, along with the individual defendants and Petoria, Inc. are manufacturing, using, and selling products, infringing his patents and trademarks.  The court therefore finds that the well-pled allegations evidence that this court has subject matter jurisdiction to entertain the claims herein under federal patent and trademark laws.

Defendants Hemmaplardh, Lother, and Richardson have moved for dismissal on the ground that the court lacks personal jurisdiction over them. These individual defendants contend that GAWBC continues to exist as a corporation despite its administrative dissolution in 2006.  They urge that they do not individually have the minimum contacts with Kentucky which are necessary for the exercise of personal jurisdiction over them.

The parties agree that in determining whether non-resident defendants are subject to personal jurisdiction in a patent action, the Federal Circuit directs that the district court determine whether the exercise of jurisdiction over a defendant comports with the requirements of due process.  As the Kentucky long-arm statute has been found to extend to the limits of due process, such an analysis is appropriate here.  *Cummings v. Pitman,* 239 S.W.3d 77, 84 (Ky. 2007).  *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed.Cir. 1999).   In all questions of personal jurisdiction,, "the constitutional touchstone remains whether the defendant purposefully established 'minimum

contacts' in the forum state." *Burger King Corp. v. Rudzwicz*, 471 U.S. 462, 474 (1985)(*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The plaintiff bears the burden of establishing personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (*citing Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996)). While the district court may hold an evidentiary hearing to determine whether or not jurisdiction exists, it need not do so; in that case the plaintiff "need only make a prima facie showing of jurisdiction," *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996), establishing the necessary facts with "reasonable particularity." *Neogen*, 282 F.3d at 887 (*quoting Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). Without a hearing the court may not "consider facts proffered by the defendant that conflict with those offered by the plaintiff," *id.* (*citing Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)), and "must consider the pleadings and affidavits in a light most favorable to the plaintiff," *Compuserve*, 89 F.3d at 1262 (*citing Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

Pelsor contends that (1) the individual defendants purposefully directed their activities at residents of the forum, (2) the claims arise out of the defendants' activities there, and (3) the assertion of personal jurisdiction over these defendants is reasonable and fair. Resp., p.6 *citing Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1363 (Fed.Cir. 2006) *reh. and reh. en banc denied (citing Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)).

Pelsor urges that after November 2, 2006, when GAWBC was administratively dissolved, all actions taken beyond those necessary to wind up the business, such as sales of infringing

products to Kentucky retailers, are attributable to the individual defendants. Hemmaplardh, Lother, and Richardson have been officers and directors of the former Kentucky corporation. Pelsor urges that inasmuch as they continue to operate as they had before as GAWBC, selling products to Kentucky retailers, they continue to purposefully direct their business activities at Kentucky residents. They are, however, no longer a Kentucky corporation, so liability attaches, Pelsor argues, to the individual defendants. In *Forleo v. American Products of Kentucky, Inc.* 2006 WL 2788429 (Ky.App. Sept. 29, 2006), *DR denied*, March 14, 2007, the Kentucky Court of Appeals held that

> In Kentucky, the general rule is that shareholders and officers are personally liable for debts made in the name of the corporation after dissolution. [citation omitted]. KRS 271B14-210(3) states that a corporation may not continue any business after dissolution except that which is necessary to wind up and liquidate its business and affairs. A majority of other jurisdictions considering this issue have found that reinstatement of the corporation does not shield the officers from personal liability for debts incurred after dissolution. [citations omitted]. We find that KRS 271B.14-220(3) does not affect the personal liability of stockholders or officers for debts incurred in the name of the corporation after dissolution. First, the provision is silent as to the issue of personal liability. Secondly, KRS 271B.14-210(3) specifically prohibits a corporation form carrying on any business except winding up after dissolution. In this case, it is undisputed that Forleo and Tandy continued to conduct everyday business in the name of the corporation after it had been dissolved. Finally, the relation back provision of KRS 271B.14-220(3) states that after reinstatement the corporation "shall resume carrying on its business as if the administrative dissolution...had never occurred." The "shall resume" language necessarily implies that the corporation ceased doing business after dissolution as required by KRS 271B.14-210(3). Therefore, the trial court properly held them to be personally liable for the debts incurred after dissolution.

In response to the motion to dismiss, Pelsor provided documentation of numerous sales of Buddy Bowls purportedly made in 2008 and 2009 by GAWBC to a Kentucky retailer. He also provided an affidavit of one retailer who stated that he "personally spoke" with Hemmaplardh regarding the sales of Buddy Bowls. The complaint alleges that Petoria Inc., of which Hemmaplardh

is President and Lothar is Secretary/Treasurer, does business as GAWBC. Petoria, Inc. is located in Spindale, North Carolina at the same address as the principal place of business of GAWBC.

The evidence concerning Buddy Bowl sales in or directed toward Kentucky is insufficiently developed for this court to identify who made the sales and where liability might lie for such sales, were they to be found infringing. Sales of Buddy Bowls to Kentucky retailers may be sufficient to meet the requirements of due process if a legal basis for individual liability for this activity can be established. Clearly, the infringement claims arise from these very activities. The question, then, which has not been clearly addressed, is who (ie. individual, entity, corporation) made the sales. Pelsor has requested, and will be afforded a period of time in which to engage in jurisdictional discovery in an attempt to answer this question. It is, of course, not enough to satisfy due process to say that "the defendants" made infringing sales or that an individual defendant spoke with a Kentucky retailer. In order to make a *prima facie* showing of personal jurisdiction, greater specificity is required which establishes the requisite minimum contacts of the individual defendants. *See, Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). In the event the individual defendants move for dismissal again, the court will look to the plaintiff to better articulate his theory of individual liability, if the evidence garnered in discovery provides a factual foundation for such an argument.

Therefore, motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, Petoria, Inc., *et al*., to dismiss for lack of subject matter jurisdiction (DN 6) is **DENIED**, and the motion of defendants Brecharr Hemmaplardh, Edward Lothar, and Samuel Richardson, to dismiss for lack of personal jurisdiction (DN 5) is **DENIED with leave to refile at**

the conclusion of jurisdictional discovery.  The plaintiff, Charles L. Pelsor, shall be granted a period of ninety (90) days in which to conduct limited discovery addressed to personal jurisdiction over defendants, Brecharr Hemmaplardh, Edward Lother, and Samuel Richardson.

**IT IS SO ORDERED.**