UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLES L. PELSOR                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:10CV-304-S

PETORIA, INC., et al.                                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the unopposed motion of the plaintiff, Charles L. Pelsor, to transfer this action to the United States District Court for the Western District of North Carolina, Asheville Division, for all further proceedings. (DN 16). After having obtained leave of court to conduct limited discovery on the issue of personal jurisdiction, the plaintiff states that he has been unable to establish that the Western District of Kentucky has personal jurisdiction over the defendants.

Previously, the defendants moved to dismiss for lack of personal jurisdiction. Their motion was remanded with leave to refile at the conclusion fo the discovery period. Now, Pelsor's motion for transfer stands unopposed by any defendant. It therefore appears undisputed that:

1. Defendant Brecharr Hemmaplardh resides in Spindale, North Carolina. Spindale is located in Rutherford County, in the jurisdiction of the Western District of North Carolina.

2. Defendant Samuel Richardson resides in Hendersonville, North Carolina, in the jurisdiction of the Western District of North Carolina.

3. Defendant Edward Lother resides in Moore, South Carolina. Lother is Secretary/Treasurer and member of the Board of Directors of defendant Great American Water Bowl Company.

4. Defendant Great American Water Bowl Company, an unincorporated association,[1] has its principal place of business in Spindale, North Carolina.

5. Defendat Petoria, Inc. is a North Carolina Corporation with its principal place of business in Spindale, North Carolina.

This action alleges patent and trademark infringement in the defendants' manufacture, use, and sale of Pelsor's patented and trademarked "Buddy Bowl" and "L'il Buddy.

In the Sixth Circuit, the appropriate venue statute is 28 U.S.C. § 1406(a) where transfer is sought in actions in which the court lacks personal jurisdiction over the defendants. *See, Martin v. Stokes*, 623 F.2d 469 (6th Cir. 1980). In accordance with 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus in the absence of personal jurisdiction, the court may, in the interest of justice, transfer the case to a judicial jurisdiction where personal jurisdiction over the defendant is present and venue is proper. As with § 1404(a), transfer under § 1406(a) is discretionary with the court. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

---

[1] The Complaint alleges that Great American Water Bowl, Inc., a Kentucky corporation, was administratively dissolved shortly after it settled earlier litigation with Pelsor and entered into an Amended and Restated License Agreement with him.

Based upon the record evidence, the matter could have been brought in the Western District of North Carolina. There is presently no pending motion to dismiss the action. Therefore, the court concludes that the action should be transferred in the interest of justice. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

November 29, 2011

**Charles R. Simpson III, Judge
United States District Court**